United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50339
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUADALUPE SARDANETA MARTINEZ, JR.,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CR-151-3
- - - - - - - - - -

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Guadalupe Sardaneta Martinez, Jr., (Martinez) appeals the
district court's application of U.S.S.G. § 2D1.1(b)(1) to
increase his offense level for possession of a weapon during and
in connection with the drug conspiracy to which he pleaded
guilty.  He argues that the increase was improper since the
Government failed to demonstrate that the firearms possession
conduct recited in the presentence report (PSR) was connected to
any illegal drug activity.  In response, the Government maintains

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the increase was proper since Martinez possessed a dangerous weapon during the time-frame of the conspiracy for which he was charged.

Review of the record in this case reveals a sufficient link to support the U.S.S.G. § 2D1.1(b)(1) increase. Specifically, the record demonstrates that Martinez and his co-conspirators conducted at least a portion of their drug-trafficking activities out of the Land Sharks Audio business -- the location where a confidential informant observed a handgun fall to the ground from Martinez's pants. Although Martinez contends that the PSR failed to identify a specific date for this event, he does not dispute the probation officer's statement that Land Sharks Audio opened for business in 1999, thereby placing Martinez's gun possession conduct within the time-frame of the conspiracy.

Because Martinez was observed with a gun where at least a portion of the drug-trafficking activities took place, it was not clearly improbable that the weapons possession conduct was connected to the drug conspiracy offense. See U.S.S.G. § 2D1.1, comment. (n.3); see also United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993). Accordingly, the district court did not clearly err in assessing the U.S.S.G. § 2D1.1(b)(1) increase. See United States v. Broussard, 80 F.3d 1025, 1041 (5th Cir. 1996).

AFFIRMED.